Mathews, J.
delivered the opinion of the court. In this suit, which originated by attachment, two slaves have been seized as the property of the defendant, and are claimed by A. Hynes, as belonging to him.
In support of his claim, he offers in evidence, a bill of sale from the defendant, the fairness and genuineness of which seems not be disputed; but it does not appear, that the sale was attended with a delivery of the property.
There is a provision in our statute, relating to the tradition or delivery of slaves, which states, that it may take place, either by actual delivery made to the buyer, or by the mere consent of the parties, when the sale mentions, that the thing has been sold and delivered. Civ. Code, 350, art. 28.

*296
East'n District.

Feb. 1821.
The bill of sale produced by the claimant, contains no clause expressive of such consent of the parties, as prescribed by the law cited.
It is in evidence, that the slaves were not, at the time of executing the sale, in the actual possession of the vendor; but were on board of a keel-boat then descending the Mississippi, according to the testimony of Green, a witness examined in the cause; and according to the bill of sale, they were hired on board of the steam-boat, Gen. Jackson.
If this sale is to be considered, as a contract, entered into, and completed in the state of Tennessee, which is by no means clear, we have no evidence before us of the lex loci, and must, consequently, decide the case in conformity with the laws of the state where the property is found, and the suit commenced. In doing this, there is little difficulty, if we adhere to former decisions, in similar cases, by which it has been established, that before actual delivery of the thing sold, it may be attached by the creditors of the vendor. Durnford vs. Brooke's syndics, 3 Martin, 222, Mumford vs. Norris, 4 ib. 25.
As there has been no delivery of the slaves, either real, fictitious, or conventional, we are *297 of opinion, that the district court is erroneous in denying them to the claimant.
Livermore for plaintiffs, Preston for claimant.
It is therefore ordered, adjudged, and decreed, that the judgment be annulled, avoided, and reversed; but as there is not sufficient evidence, in the record, to authorise a judgment against the defendant, it is ordered, that the case be remanded, with directions to the judge to proceed therein, as if the property attached did really belong to the absent debtor.